IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOARD OF EDUCATION OF
ALBUQUERQUE PUBLIC SCHOOLS,

        Plaintiff,

v.                                               No. CV 15-00271 WJ/WPL

FRANCESTINE NEWSON.
On behalf of A.R., Student,

        Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL EVIDENCE AND GRANTING IN PART DEFENDANT'S MOTION TO STRIKE**

THIS MATTER comes before the Court upon Plaintiff's Motion for Admission of Additional Evidence (**Doc. 19**) filed April 18, 2015, and Defendant's Motion to Strike (**Doc. 14**), filed April 30, 2015. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is well taken in part, and therefore **GRANTED IN PART**, and that Defendant's motion is well taken in part, and therefore **GRANTED IN PART**, as herein described.

**I.    Motion for Additional Evidence**

### FACTUAL BACKGROUND

Parent Francestine Newson filed a request for a due process hearing under the Americans with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq., in September 2014 on behalf of her son, A.R. a student in the Albuquerque Public Schools, seeking remedy for a denial

of a free appropriate public education ("FAPE"). A five-day evidentiary hearing occurred in December 2014, and the IDEA Due Process Hearing Officer ("DPHO") determined on March 2, 2015 that APS had deprived A.R. of a FAPE. The Officer ordered within 40 days: (1) a psychological evaluation to be performed at the District's expense to assess A.R.'s emotional and behavioral functioning; (2) an independent neuropsychological evaluation to be performed at the District's expense to asses A.R.'s cognitive functioning; and (3) an independent assessment of A.R.'s reading skills to potentially diagnose any reading disorders.

Plaintiff Board of Education of Albuquerque Public Schools filed its Complaint (**Doc. 1**) on April 1, 2015, seeking review of the Final Decision rendered by the DPHO.

## LEGAL STANDARD

When enacting the IDEA, Congress created a different form of review for these educational agency actions. *See Murray v. Montrose Cty. Sch. Dist.*, 51 F.3d 921, 927 (10th Cir. 1995). "The district court must therefore independently review the evidence contained in the administrative record, accept and review additional evidence, if necessary, and make a decision based on the preponderance of the evidence, while giving 'due weight' to the administrative proceedings below." *Id.* "Although the district court may accept additional evidence, such evidence is merely supplemental to the administrative record." *L.B. and J.B. ex rel. K.B. v. Nebo Sch. Dist.*, 379 F.3d 966, 974 (10th Cir. 2004). "The district court's proceedings must maintain the character of review and not rise to the level of a de novo trial." *Id.* "The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Town of Burlington v. Dep't of Educ. for Com. of Mass.*, 736 F.2d 773,

790 (1st Cir. 1984). In ruling on motions to present additional evidence, "a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise . . . the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Id.* at 791.

### PROPOSED ADDITIONAL EVIDENCE

The evidence Plaintiff seeks to add to the record falls into two main categories: (1) evidence that Plaintiff alleges was improperly excluded from the administrative due process hearing, and (2) evidence that only became available after the administrative due process hearing.

Under the first category of evidence is:

(1) Additional testimony by A.R;

(2) Additional testimony by Galadriel Thompson, A.R.'s reading teacher for the 2014-2015 school year;

(3) Exhibit Y: A.R.'s Pre-hearing Facebook posts;

(4) Exhibit W: Student's IEP, which was admitted only as an offer of proof.

Under the second category of evidence is:

(5) A.R.'s mental health records that were requested but not received before the administrative due process hearing's conclusion in December 2014;

(6) A.R.'s post-hearing posts on his publicly-accessible Facebook page.

### COURT'S RULING ON PROPOSED ADDITIONAL EVIDENCE

In determining whether to grant Plaintiff's request, the Court considers whether such supplemental evidence will be helpful to the Court in its review of the DPHO's decision. The Court finds, in its discretion, that the following evidence and testimony will be allowed in accordance with Plaintiff's request:

3

**(1)    Additional testimony by A.R:** On the third day of the administrative due process hearing, Plaintiff's counsel was restricted from further cross-examination of A.R. for failing to discontinue questioning A.R. on subjects ruled inadmissible, namely, questions regarding A.R.'s Facebook account and his alleged use of drugs before and during the school day. Administrative Record ("AR") 865 ¶ 1-868 ¶ 2. Plaintiff argues that eliciting such testimony is relevant to determine whether or not A.R. is "present" during the school day such that he can accept the educational instruction offered to him. Defendant believes that Plaintiff seeks this testimony in order to paint A.R. as a criminal, and argues that determining whether the District has complied with IDEA does not require testimony from the student.

Having reviewed the administrative transcript, the Court finds that Plaintiff was unable to properly conduct cross-examination of A.R. after Defendant was afforded a full opportunity for direct examination. The Court further finds that Plaintiff's questions regarding alleged drug use before and during the school day are relevant to the issues of Plaintiff's appeal, and disagrees that they are designed to "annihilate" the Student. AR 872 ¶ 7. Thus, Plaintiff may supplement the administrative record with further testimony from A.R.[1]

**(2)    Additional testimony by Galadriel Thompson:** Plaintiff requests further testimony from Galadriel Thompson, A.R.'s reading teacher for the 2014-2015 school year. Plaintiff argues that the DPHO erroneously excluded testimony from Ms. Thompson about whether she was surprised that A.R. had consistently rejected reading instruction provided by the District. AR 443 ¶ 9-25. Given that the DPHO ordered additional reading evaluation, Plaintiff argues that further questioning would show that A.R. has been provided with multiple opportunities to access reading instruction, but rejected the efforts regardless of his teacher.

---

[1] The Court is unclear how Plaintiff seeks to obtain this additional testimony from A.R. If counsel cannot agree on the manner in which this testimony is to be obtained, then Plaintiff's counsel can file the appropriate motion.

4

Defendant contends that Ms. Thompson's testimony was only materially limited in response to a single question, and that Plaintiff had ample opportunity to develop Ms. Thompson's testimony. Given that a core issue in Plaintiff's appeal concerns whether A.R. has received appropriate reading instruction, additional testimony from Ms. Thompson regarding the reading instruction afforded A.R. would assist the Court in its review. Therefore, Plaintiff may supplement the record with this additional testimony.

    **(3)(a)  Exhibit Y:** During the administrative due process hearing, Plaintiff offered Exhibit Y, a series of A.R.'s Facebook posts, for impeachment purposes and to demonstrate A.R.'s reading, writing, and organizational skills. AR 889 ¶ 12-22. The DPHO excluded this documentation. Plaintiff seeks introduction of this Exhibit, which includes references by A.R. to the use and sale of drugs, in order to demonstrate the impact of A.R.'s drug use on his school performance. Defendant counters that A.R.'s reading and writing ability has already been established throughout the record. Further, Defendant argues that introduction of references to A.R.'s alleged drug use is a red herring designed to portray him as a criminal. The Court finds that A.R.'s alleged drug use is relevant to his performance in school and the District's efforts to serve him. However, the Court agrees that A.R.'s reading and writing ability and alleged drug use has already been established in the administrative record or through additional evidence. Thus, introduction of this evidence would be cumulative and Plaintiff's request for additional evidence in this category is denied.

    **3(b)     Exhibit W**: Plaintiff seeks introduction of Exhibit W, A.R.'s IEP, which was introduced as rebuttal evidence at the hearing to show that A.R. was given speech and language services. AR 91-98. Plaintiff reasons that introduction of the IEP will demonstrate A.R.'s unchanging behavior across a variety of educational settings. Defendant counters that the

underlying evidence to be rebutted was kept out by the DPHO. Because Plaintiff never subsequently sought to introduce the IEP as an independent exhibit, it should not now be added to the record. The Court finds that, as a core document, the IEP would be helpful in reviewing the adequacy or inadequacy of educational services provided to A.R. Therefore, Plaintiff may supplement the administrative record with A.R.'s IEP.

**(4)** **A.R.'s mental health records:** Pursuant to HIPAA-complaint releases executed by A.R., Plaintiff seeks two sets of mental health records. The first set, from Desert Hills Treatment Center, had been requested following the release, but Plaintiff did not receive them before the conclusion of the hearing in December 2014. The second set concerns records from the University of New Mexico Health Science Center and Children's Psychiatric Center ("UNM"), and relate to A.R.'s involuntary admission to UNM after the due process proceeding had been filed. Plaintiff seeks introduction in order to demonstrate A.R.'s consistent psychosocial profile and his determination to not engage in academics. Defendant argues that such privately obtained medical care should not later become relevant to the school district's defense given their opportunity, and failure, to request or obtain a medical evaluation beforehand.

The Court finds that the Desert Hills medical records may assist the Court in determining the correctness of the DPHO's findings, and the appropriateness of further evaluation. Thus, Plaintiff will be allowed to supplement the record with the Desert Hills medical records.

The Court finds that the UNM records are either cumulative or not relevant. The records containing "historical information" regarding treatment of A.R. are not relevant enough to be of assistance in this Court's decision. The remaining UNM records, including documentation of

A.R. being involuntarily admitted after the due process proceeding had been filed, would be cumulative in light of the addition of the Desert Hills records to the administrative record.

**(5)** **A.R.'s post-hearing posts on his publicly-accessible Facebook page:** Plaintiff also seeks admission of A.R.'s posts on his publicly-accessible Facebook page that occurred after the conclusion of the hearing, specifically posts implying drug use before school and drug use during school. Plaintiff maintains that these posts concern relevant events that occurred subsequent to the administrative hearing. Defendant argues that these posts are not relevant to whether A.R. was denied a FAPE, and that Plaintiff has wrongfully referenced these posts in their Complaint. As evidence which became available subsequent to the administrative process, it should be allowed to supplement the record. *See Murray v. Montrose Cty. Sch. Dist. RE 1J*, 51 F.3d 921, 932 (10th Cir. 1995). The Court finds that these posts relate to A.R.'s educational progress and would be helpful to the Court in its review. Thus, Plaintiff may supplement the administrative record with the Facebook posts attached to Plaintiff's Motion to Stay as Exhibit D1 (**Doc. 3**).

**II.** **Motion to Strike**

### FACTUAL BACKGROUND

Defendant filed a Motion to Strike, arguing that two of Plaintiff's exhibits attached to the Complaint and one Paragraph in the Complaint must be stricken. Defendant argues that Plaintiff's citations to Exhibit W and Exhibit Y reference exhibits admitted only for offers of proof in the administrative due process hearing. Defendant also alleges that Paragraph 27 of the Complaint quotes from a medical record that was not an exhibit at the hearing. In response, Plaintiff argues that Defendant has not shown that the cited evidence is immaterial, and that,

regardless, there is no basis to strike the cited evidence as it directly relates to the issues on appeal. Additionally, Plaintiff argues that such a Motion is moot, as Plaintiff has already filed a Motion for Admission of Additional Evidence and requested leave to do so in their Complaint.

## LEGAL STANDARD

The Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). Motions under Rule 12(f) are viewed with disfavor and are rarely granted, as striking a portion of a pleading is a drastic remedy. *Salazar v. Furrs, Inc.*, 629 F. Supp. 1403, 1411 (D. N.M. 1986); Wright & Miller, 5C *Federal Practice and Procedure: Civil 3d* § 1380 at 394 (2004). The court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998). Immaterial matter is that which bears no essential or important relationship to the issues in dispute. *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994).

## DISCUSSION

With these standards in mind, and in light of this Court's ruling on the Motion for Additional Evidence, the Court grants in part Defendant's Motion to Strike. Having denied Plaintiff's request for introduction of Exhibit Y as additional evidence, the Court finds that citation to Exhibit Y is not properly part of the Complaint. Having permitted Plaintiff to introduce Exhibit W and the medical record referenced in Paragraph 27 as additional evidence helpful in assisting the Court in its review, the Court finds that these citations are properly part of the Complaint.

Regardless, the presence of this exhibit and a reference to A.R.'s medical records doesn't mean that the Court will necessarily consider those portions just because they are in the

Complaint. Defendant asserts that their presence will muddy the standard of review for the IDEA decision. The Court does not believe that their inclusion in the Complaint will have such an effect.

### III.   Conclusion

Plaintiff's Motion for Additional Evidence and Defendant's Motion to Strike are granted in part and denied in part for the reasons set forth in this Memorandum Opinion and Order.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE